**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| KIKO USA, Inc., | ) | Case No. 18-10069 (MFW) |
|  | ) |  |
| Debtor. [1] | ) |  |
|  | ) |  |

**CHAPTER 11 PLAN OF REORGANIZATION**
**FOR KIKO USA, INC.**

John S. Kaplan (admitted *pro hac vice*)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: (206) 359-8408
Facsimile: (206) 359-9408
jkaplan@perkinscoie.com

-and-

Jeffrey D. Vanacore (admitted *pro hac vice*)
PERKINS COIE LLP
30 Rockefeller Plaza, 22nd Floor
New York, New York 10112-0085
Telephone: (212) 262-6912
Facsimile: (212) 977-1642
jvanacore@perkinscoie.com

Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
SAUL EWING ARNSTEIN & LEHR LLP
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, Delaware 19899
Telephone: (302) 421-6840
mark.minuti@saul.com
monique.disabatino@saul.com

-and-

Sharon L. Levine (admitted *pro hac vice*)
SAUL EWING ARNSTEIN & LEHR LLP
1037 Raymond Boulevard, Suite 1520
Newark, New Jersey 07102
Telephone: (973) 286-6718
Facsimile: (973) 286-6821
sharon.levine@saul.com

*Counsel for Debtor and Debtor in Possession*

Dated: April 4, 2018

---

[1] The last four digits of the Debtor's federal tax identification number are 0805. The principal place of business for the Debtor is 470 Park Avenue South, 15th Floor New York, NY, 10016.

# TABLE OF CONTENTS

**Page**

ARTICLE 1.    DEFINITIONS AND RULES OF INTERPRETATION ............................... 2

    1.01.    Administrative Claim .................................................................................... 2
    1.02.    Administrative Claims Bar Date ................................................................... 2
    1.03.    Allowed ......................................................................................................... 2
    1.04.    Avoidance Actions ........................................................................................ 3
    1.05.    Bankruptcy Code .......................................................................................... 3
    1.06.    Bankruptcy Court .......................................................................................... 3
    1.07.    Bankruptcy Rules .......................................................................................... 3
    1.08.    Bar Date ........................................................................................................ 3
    1.09.    Benefit Plans ................................................................................................. 3
    1.10.    Business Day ................................................................................................. 3
    1.11.    Cash .............................................................................................................. 3
    1.12.    Chapter 11 Case ............................................................................................ 3
    1.13.    Claim ............................................................................................................ 3
    1.14.    Class .............................................................................................................. 3
    1.15.    Collateral ...................................................................................................... 4
    1.16.    Confirmation Date ........................................................................................ 4
    1.17.    Confirmation Hearing ................................................................................... 4
    1.18.    Confirmation Order ....................................................................................... 4
    1.19.    Contingent Claim .......................................................................................... 4
    1.20.    Cure .............................................................................................................. 4
    1.21.    D&O Policy ................................................................................................... 4
    1.22.    Debtor ........................................................................................................... 4
    1.23.    DIP Lender .................................................................................................... 4
    1.24.    DIP Loan ....................................................................................................... 4
    1.25.    Disallowed .................................................................................................... 4
    1.26.    Disclosure Statement .................................................................................... 4
    1.27.    Disputed ....................................................................................................... 4
    1.28.    Effective Date ............................................................................................... 5
    1.29.    Equity Interest .............................................................................................. 5
    1.30.    Estate ............................................................................................................ 5
    1.31.    Exit Finance Commitment Agreement .......................................................... 5
    1.32.    Final Order .................................................................................................... 5
    1.33.    General Unsecured Claim .............................................................................. 5
    1.34.    Insurance Policy ............................................................................................ 5
    1.35.    IRS ................................................................................................................ 5
    1.36.    Lien ............................................................................................................... 5
    1.37.    Litigation Claims .......................................................................................... 6
    1.38.    Maximum Amount ........................................................................................ 6
    1.39.    Person ........................................................................................................... 6
    1.40.    Petition Date ................................................................................................. 6

137869284.5
24452856.4 04/04/2018

# TABLE OF CONTENTS
### (continued)

**Page**

| | | |
|---|---|---|
| 1.41. | Plan | 6 |
| 1.42. | Plan Supplement | 6 |
| 1.43. | Preserved Ordinary Course Administrative Claim | 6 |
| 1.44. | Priority Claim | 7 |
| 1.45. | Priority Tax Claim | 7 |
| 1.46. | Professional | 7 |
| 1.47. | Professional Fee Bar Date | 7 |
| 1.48. | Claim | 7 |
| 1.49. | Pro Rata | 7 |
| 1.50. | Rejection Claim | 7 |
| 1.51. | Rejection Damages Bar Date | 7 |
| 1.52. | Rejection Date | 7 |
| 1.53. | Reorganized KIKO | 8 |
| 1.54. | Schedules | 8 |
| 1.55. | Secured Claim | 8 |

**ARTICLE 2.**  TREATMENT OF UNCLASSIFIED CLAIMS ... 8

| | | |
|---|---|---|
| 2.01. | Unclassified Claims | 8 |
| 2.02. | Allowed Administrative Claims | 8 |
| 2.03. | Preserved Ordinary Course Administrative Claims | 9 |
| 2.04. | Allowed Priority Tax Claims | 9 |
| 2.05. | Professional Fee Claims | 9 |
| 2.06. | Post-Effective Date Professional Fees | 9 |

**ARTICLE 3.**  CLASSIFICATION AND TREATMENT OF CLAIMS AND EQUITY INTERESTS ... 9

| | | |
|---|---|---|
| 3.01. | Class 1—Priority Claims | 9 |
| 3.02. | Class 2—Miscellaneous Secured Claims | 10 |
| 3.03. | Class 3—General Unsecured Claims | 10 |
| 3.04. | Class 4—Equity Interests | 10 |
| 3.05. | Vacant Classes | 11 |

**ARTICLE 4.**  IMPLEMENTATION ... 11

| | | |
|---|---|---|
| 4.01. | Effective Date Funding | 11 |
| 4.02. | Forgiveness of DIP Loan | 11 |
| 4.03. | Distributions | 11 |
| 4.04. | Disputed Claims | 11 |
| 4.05. | Approval of Compromises and Settlements Embodied in the Plan | 12 |
| 4.06. | Scope of Reorganized Operations | 12 |
| 4.07. | Section 1145 Exemption | 12 |
| 4.08. | Necessary Documents | 12 |

137869284.5
24452856.4 04/04/2018

# TABLE OF CONTENTS
### (continued)

| | | |
|---|---|---|
| 4.09. | Effectiveness of Instruments and Agreements | 12 |
| 4.10. | No Corporate Action Required | 12 |
| 4.11. | Post-Confirmation Management and Indemnification | 12 |
| 4.12. | Operation Pending Effective Date | 13 |

**ARTICLE 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES ..... 13**

| | | |
|---|---|---|
| 5.01. | Assumption or Rejection of Executory Contracts and Unexpired Leases | 13 |
| 5.02. | Approval of Assumption or Rejection | 14 |
| 5.03. | Cure of Defaults | 14 |
| 5.04. | Benefit Plans | 14 |

**ARTICLE 6. DETERMINATION OF CLAIMS ..... 14**

| | | |
|---|---|---|
| 6.01. | Objections to Claims | 14 |
| 6.02. | Contingent Claims | 14 |
| 6.03. | Claims Settlement | 15 |

**ARTICLE 7. AVOIDANCE ACTIONS, LITIGATION CLAIMS ..... 15**

| | | |
|---|---|---|
| 7.01. | Waiver, Retention and Reservation | 15 |
| 7.02. | Prosecution | 15 |

**ARTICLE 8. CONDITIONS PRECEDENT ..... 15**

| | | |
|---|---|---|
| 8.01. | Conditions to Confirmation | 15 |
| 8.02. | Conditions to Effectiveness | 16 |
| 8.03. | Waiver of Conditions | 16 |
| 8.04. | Effect of Non-Occurrence of the Effective Date | 16 |

**ARTICLE 9. TITLE TO PROPERTY; THIRD PARTY RIGHTS AND RELEASES; CORPORATE GOVERNANCE ..... 16**

| | | |
|---|---|---|
| 9.01. | Vesting of Assets | 16 |
| 9.02. | Discharge | 16 |
| 9.03. | Injunction | 17 |
| 9.04. | Exculpation | 17 |
| 9.05. | Releases | 17 |
| 9.06. | Preservation of Insurance | 18 |
| 9.07. | Corporate Governance | 18 |

**ARTICLE 10. RETENTION OF JURISDICTION ..... 18**

| | | |
|---|---|---|
| 10.01. | Bankruptcy Court Jurisdiction | 18 |
| 10.02. | District Court Jurisdiction | 20 |

137869284.5
24452856.4 04/04/2018

# TABLE OF CONTENTS
### (continued)

**Page**

ARTICLE 11.    AMENDMENT AND WITHDRAWAL OF PLAN ..................................... 20

    11.01. Amendment of Plan ...................................................................................... 20
    11.02. Revocation, Modification or Withdrawal of Plan ................................................ 20

ARTICLE 12.    MISCELLANEOUS .......................................................................... 20

    12.01. Effecting Documents; Further Transactions; Timing ......................................... 20
    12.02. Exemption from Transfer Taxes ...................................................................... 21
    12.03. Binding Effect ............................................................................................... 21
    12.04. Governing Law .............................................................................................. 21
    12.05. Modification of Treatment of Claims ............................................................... 21
    12.06. Setoffs and Recoupment ................................................................................ 21
    12.07. Notices ......................................................................................................... 21
    12.08. Delivery of Notices ........................................................................................ 22
    12.09. Severability ................................................................................................... 22
    12.10. Plan Documents ............................................................................................ 22
    12.11. Inconsistency ................................................................................................ 22
    12.12. Withholding and Reporting Requirements ....................................................... 22
    12.13. Post-Effective Date Fees; Final Decree ........................................................... 23
    12.14. De Minimis Distributions ............................................................................... 23
    12.15. Method of Payment; Payments, Filings, and Notices Only on Business
             Days .............................................................................................................. 23
    12.16. Delivery of Distributions; Undeliverable Distributions ...................................... 23
    12.17. Failure to Negotiate Checks ........................................................................... 23

137869284.5
24452856.4 04/04/2018

**EXHIBITS**

**<u>Exhibit A:</u>** Avoidance Actions and Litigation Claims

**<u>Exhibit B</u>**: Assumed Executory Contracts and Unexpired Leases Schedule

**<u>Exhibit C</u>**:  Exit Finance Commitment Agreement

137869284.5
24452856.4 04/04/2018

## INTRODUCTION

KIKO USA, Inc. (the "Debtor"), debtor-in-possession in the above-captioned chapter 11 case, proposes this plan for the resolution of all outstanding claims and equity interests.

**All holders of Claims against, and Equity Interests in, the Debtor are encouraged to read the Plan, the Disclosure Statement, and the related materials in their entirety.**

Subject to the restrictions on modifications set forth in Bankruptcy Code § 1127, Bankruptcy Rule 3019, and Section 11.01 of the Plan, the Debtor may amend the Plan one or more times before its substantial consummation.

## ARTICLE 1.
## DEFINITIONS AND RULES OF INTERPRETATION

All capitalized terms used in the Plan are defined in this Article 1, the Bankruptcy Code, or the Bankruptcy Rules. "Including" means "including without limitation."

As used in the Plan, the following terms have the following meanings:

**1.01. Administrative Claim.** A Claim for any expense Allowed under Bankruptcy Code §§ 503(b), 507(b), or 546(c)(2) and entitled to priority under Bankruptcy Code § 507(a)(2), including: (a) fees payable under 28 U.S.C. § 1930; (b) actual and necessary costs and expenses incurred in the ordinary course of the Debtor's business; (c) actual and necessary costs and expenses of preserving an Estate or administering the chapter 11 case; and (d) all Professional Fee Claims to the extent Allowed by Final Order under Bankruptcy Code §§ 330, 331, or 503.

**1.02. Administrative Claims Bar Date.** The first Business Day 30 days after the Confirmation Date.

**1.03. Allowed.** With respect to any Claim against, or Equity Interest in, the Debtor:

    **a.** allowed by Final Order;

    **b.** proof of which, request for payment of which, or application for allowance of which was filed or deemed filed with the Bankruptcy Court on or before the Bar Date, the Administrative Claims Bar Date, the Professional Fee Bar Date, or the Rejection Damages Bar Date, as applicable, for filing proofs of claim or equity interest or requests for payment for Claims of that type against the Debtor or other applicable date established by order of the Bankruptcy Court, even if that date is after the Bar Date, the Administrative Claims Bar Date, the Professional Fee Bar Date, or the Rejection Damages Bar Date, as applicable;

    **c.** listed as undisputed, liquidated, and non-contingent in the Schedules and no objection to its allowance, motion to estimate for purposes of allowance, or request to subordinate has been filed within the applicable period of limitation fixed by the Plan, the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Court; and

    **d.** not subject to an objection to its allowance, a motion to estimate for purposes of allowance, or a request to subordinate filed within the applicable period of limitation fixed by the Plan, the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Court or, if any such objection, motion, or request has been filed, to the extent allowed by a Final Order resolving such objection, motion, or request.

**1.04. Assumed Executory Contracts and Unexpired Leases Schedule.** The schedule of assumed executory contracts and unexpired leases that shall be attached as **Exhibit B** to this Plan or otherwise included, amended or supplemented in the Plan Supplement, and that shall include the Proposed Cure Amount for each executory contract or unexpired lease to be assumed pursuant to the Plan.

2

**1.05. Avoidance Actions.** All statutory causes of action of the Estate under Bankruptcy Code §§ 510, 542, 543, 544, 545, 547, 548, 549, 550, and 553 that the Estate may have against any Person, including those listed in **Exhibit A** to the Plan.

**1.06. Bankruptcy Code.** Title 11 of the United States Code as of the Petition Date.

**1.07. Bankruptcy Court.** The United States Bankruptcy Court for the District of Delaware to the extent of any reference under 28 U.S.C. § 157; otherwise, the United States District Court for the District of Delaware.

**1.08. Bankruptcy Rules.** Collectively, the Federal Rules of Bankruptcy Procedure as promulgated under 28 U.S.C. § 2075 and any Local Rules of the Bankruptcy Court applicable to the chapter 11 case.

**1.09. Bar Date.** The date fixed by the Bankruptcy Court by which Persons asserting a Claim against the Debtor (*except* Administrative Claims, Professional Fee Claims, and certain Rejection Damages Claims) are required to file a proof of claim or be forever barred from asserting a Claim against the Debtor or its property, from voting on the Plan, and from sharing in distributions under the Plan.  The Bar Date in this case was March 26, 2018.

**1.10. Benefit Plans.** All benefit plans of whatever type that the Debtor provided to its employees, whether now in existence or previously terminated, and any rights of employees to extended coverage arising from any benefit plan, whether under the terms of that benefit plan or under applicable law.

**1.11. Business Day.** Any day other than a Saturday, Sunday, or legal holiday (as defined in Bankruptcy Rule 9006).

**1.12. Cash.** Currency, checks drawn on a bank insured by the Federal Deposit Insurance Corporation, certified checks, money orders, negotiable instruments, and wire transfers of immediately-available funds.

**1.13. Chapter 11 Case.** The case under chapter 11 of the Bankruptcy Code for the Debtor pending before the Bankruptcy Court under Case No. 18-10069 (MFW).

**1.14. Claim.** A claim against the Debtor or its property as defined in Bankruptcy Code § 101(5), including: (a) any right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured arising at any time before the Effective Date; or (b) any right to an equitable remedy for breach of performance if the breach gives rise to a right to payment, whether or not the right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**1.15. Class.** A category consisting of holders of Claims or Equity Interests substantially similar in nature to the Claims or Equity Interests of other holders placed in that category, as designated in Article 3 of the Plan.

137869284.5
24452856.4 04/04/2018

**1.16. Collateral.** Any property or interest in property of the Estate subject to a Lien to secure the payment or performance of a Claim, the Lien not avoidable or invalid under the Bankruptcy Code or applicable state law.

**1.17. Confirmation Date.** The date the Bankruptcy Court enters the Confirmation Order.

**1.18. Confirmation Hearing.** The hearing held by the Bankruptcy Court to consider confirmation of the Plan, as such hearing may be adjourned or continued from time to time, with the consent of the DIP Lender, which such consent shall not be unreasonably withheld.

**1.19. Confirmation Order.** The order of the Bankruptcy Court confirming the Plan under the Bankruptcy Code. The Confirmation Order need not necessarily be a Final Order.

**1.20. Contingent Claim.** Any Claim for which a proof of claim has been filed with the Bankruptcy Court that: (a) was not filed in a fixed amount, or has not accrued and depends on a future event that has not occurred and may never occur; and (b) has not been Allowed on or before the Confirmation Date.

**1.21. Cure.** The payment on the Effective Date of Cash or other property as a condition to the assumption or assumption and assignment by the Debtor of an executory contract or unexpired lease of nonresidential real property, in accordance with Bankruptcy Code § 365(b).

**1.22. Cure Claim.** The amount owed to the non-Debtor contracting party based upon the Debtor's default under an executory contract or unexpired lease at the time such executory contract or unexpired lease is assumed pursuant to Bankruptcy Code § 365.

**1.23. D&O Policy.** Any directors and officers liability insurance policy or any applicable errors and omissions policy applicable to the Debtor's directors, officers, and managers.

**1.24. Debtor.** KIKO USA, Inc., a corporation organized under the laws of the State of Delaware.

**1.25. DIP Lender.** KIKO S.p.A., an Italian Società per Azioni corporation and the parent of the Debtor and lender under the DIP Loan.

**1.26. DIP Loan.** That certain post-petition loan to the Debtor from the DIP Lender pursuant to Bankruptcy Code § 361, 362, 363, and 364 approved by the Bankruptcy Court pursuant to an interim order entered on January 25, 2018 [D.I. 82] and a final order entered on February 20, 2018 [D.I. 147].

**1.27. Disallowed.** In reference to a Claim, a Claim or any portion of a Claim that has been disallowed or withdrawn by Final Order.

**1.28. Disclosure Statement.** The written disclosure statement relating to the Plan (including all exhibits and schedules) in the form approved by the Bankruptcy Court under Bankruptcy Code § 1125 and Bankruptcy Rule 3017.

**1.29. Disputed.** With respect to Claims or Equity Interests, any Claim or Equity Interest: (a) listed in the Schedules as unliquidated, disputed, or contingent, or as to which the Debtor or

137869284.5
24452856.4 04/04/2018

any other party-in-interest has (i) interposed a timely objection or request for estimation, or (ii) sought to equitably subordinate or otherwise limit recovery in accordance with the Bankruptcy Code and the Bankruptcy Rules, in each instance where such listing, objection, request for estimation, or action to limit recovery has not been withdrawn or determined by a Final Order; or (b) that is a Contingent Claim.

**1.30. Effective Date.** The first Business Day 15 days after the Confirmation Date and on which (a) no stay of the Confirmation Order is in effect and (b) all conditions to the Effective Date set forth in Section 8.02 of the Plan have been satisfied or waived in accordance with the Plan.

**1.31. Equity Interest.** Any equity interest in the Debtor represented by any certificated or uncertificated shares or membership interest issued to any Person before the Effective Date, and any warrants, options, or rights to purchase any equity interest.

**1.32. Estate.** An estate for the Debtor created under Bankruptcy Code § 541.

**1.33. Exit Finance Commitment Agreement.**  The Exit Financing Commitment Agreement between the Debtor and the DIP Lender that governs the advancement of funds required to make distributions under the Plan, a copy of which is attached hereto as **Exhibit C** or included in the Plan Supplement.

**1.34. Final Order.** An order or judgment of the Bankruptcy Court: (a) as to which the time to appeal, petition for certiorari, or move for reargument or rehearing has expired, or as to which any right to appeal, petition for certiorari, reargue, or rehear has been waived in writing in form and substance satisfactory to the Debtor; and (b) if an appeal, writ of certiorari, or reargument or rehearing has been sought, as to which the highest court to which the order was appealed, or certiorari, reargument or rehearing was sought, has determined or denied the appeal, writ of certiorari, reargument, or rehearing, and the time to take any further appeal, petition for writ of certiorari, or move for reargument or rehearing has expired; but the filing of a motion under Rule 59 or 60 of the Federal Rules of Civil Procedure, or any analogous rule under the Bankruptcy Rules, with respect to the order does not prevent the order from being a Final Order.

**1.35. General Unsecured Claim.** Any Claim against the Debtor existing as of the Petition Date including a Rejection Claim but excluding a Secured Claim, an Administrative Claim, a Priority Tax Claim, or a Priority Claim.

**1.36. Insurance Policy.**  Any issued policy of insurance and any agreements relating thereto covering the Debtor, the Debtor's Estate or its assets, directors, officers, members, managers, employees and fiduciaries, or that may be available to provide coverage for Claims against the Debtor or any of the foregoing, including without limitation any general liability, property, workers compensation, casualty, umbrella or excess liability policy(ies), errors and omissions, director and officer or similar executive, fiduciary and organization liability policy(ies) (A, B or C coverage), and any tail with respect thereto.

**1.37. IRS.** The Internal Revenue Service.

**1.38. Lien.**  With respect to any asset or property of the Estate (or the rents, revenues, income, profits or proceeds therefrom), whether the same is consensual or nonconsensual or arises by

137869284.5
24452856.4 04/04/2018

contract, operation of law, legal process or otherwise: (a) any mortgage, lien, pledge, attachment, charge, lease evidencing a capitalizable lease obligation, conditional sale or other title retention agreement, or other security interest or encumbrance or other legally cognizable security devices of any kind in respect of any asset or property of the Estate, or upon the rents, revenues, income, profits or proceeds therefrom; or (b) any arrangement, express or implied, under which any property of the Estate is transferred, sequestered or otherwise identified for the purpose of subjecting or making available the same for the payment of debt or performance of any other obligation in priority to the payment of unsecured Claims.

**1.39. Litigation Claims.** All claims and causes of action in law or in equity, whether known or unknown, contingent or otherwise, that the Estate has brought or may have against any Person, including those listed in **Exhibit A** to the Plan, other than Avoidance Actions. Failure to list a Litigation Claim in the Plan does not constitute a waiver or release of that Litigation Claim.

**1.40. Maximum Amount.** With respect to any Claim that is not an Allowed Claim: (a) the amount to which the Debtor and the holder of the Claim agree; or (b) any amount the Bankruptcy Court estimates or determines under Bankruptcy Code § 502(c); or (c) absent any agreement, estimation, or determination, the amount set forth in the proof of claim or application for payment filed by the holder of the Claim, or, if no amount is so set forth, the amount set forth in the Schedules for the Claim, or, if no amount is so set forth, the amount the Debtor estimates in its good faith discretion.

**1.41. Person.** An individual, corporation, partnership, limited liability company (including its members), joint venture, trust, estate, unincorporated association, unincorporated organization, governmental entity, or political subdivision thereof, or any other entity.

**1.42. Petition Date.** January 11, 2018, the date on which the Debtor filed its voluntary chapter 11 petition in the Bankruptcy Court.

**1.43. Plan.** This chapter 11 plan, either in its present form or as it may be amended from time to time, including, except where the context otherwise requires, all of its exhibits.

**1.44. Plan Objection Deadline.** [____], the deadline for filing objections to the Plan, as established by the Solicitation Procedures Order.

**1.45. Plan Supplement.** The supplement to the Plan, if any, which is incorporated fully into the Plan, that will contain the exhibits and Plan documents necessary and appropriate to implement the terms of the Plan, and which shall be filed by the Debtor no later than five (5) business days before the Voting Deadline or such other date as may be approved by the Bankruptcy Court.

**1.46. Preserved Ordinary Course Administrative Claim.** Any Administrative Claim based on liabilities incurred by the Debtor in the purchase, lease, or use of goods and services in the ordinary course of its business, including Administrative Claims on account of services provided after the Petition Date to the Debtor by its employees, and Claims for unpaid rent or contract payments arising under a rejected executory contract or unexpired lease of nonresidential real property after the Petition Date and before the effective date of the rejection of that contract or lease, but excluding Professional Fee Claims.

137869284.5
24452856.4 04/04/2018

**1.47. Priority Claim.** Any Claim (or portion of a Claim) entitled to priority under Bankruptcy Code § 507(a) other than Priority Tax Claims, Administrative Claims and Preserved Ordinary Course Administrative Claims.

**1.48. Priority Tax Claim.** Any Claim of a Governmental Unit entitled to priority under Bankruptcy Code § 507(a)(8).

**1.49. Professional.** A Person: (a) employed in the Chapter 11 Case in accordance with an order of the Bankruptcy Court under Bankruptcy Code §§ 327, 328, 363, or 1103 and compensated for services under Bankruptcy Code §§ 327, 328, 329, 330, and 331 or order of the Bankruptcy Court; or (b) for whom compensation and reimbursement has been Allowed by a Final Order under Bankruptcy Code § 503(b).

**1.50. Professional Fee Bar Date.** The first Business Day that is 60 days after the Confirmation Date.

**1.51. Professional Fee Claim.** An Administrative Claim for compensation and reimbursement of expenses of a Professional incurred before the Effective Date submitted in accordance with Bankruptcy Code §§ 328, 330, 331, or 503(b).

**1.52. Proposed Cure Amount.** The amount that the Debtor represents, according to its books and records, is the Allowed amount of the Cure Claim of a non-debtor contracting party under an assumed executory contract or unexpired lease, and which amount shall be set forth in the Assumed Executory Contracts and Unexpired Leases Schedule.

**1.53. Proposed Cure Amount Objection Deadline.** The deadline for filing objections to the Proposed Cure Amounts, which shall be, with respect each non-Debtor party or parties to an executory contract or unexpired lease, the later of (a) the Plan Objection Deadline, or (b) fourteen (14) calendar days after service of the Proposed Cure Amounts on such party or parties.

**1.54. Pro Rata.** A proportionate share, such that the ratio of the consideration distributed on account of an Allowed Claim in a Class to the amount of that Allowed Claim is the same as the ratio of all consideration distributed on account of all Allowed Claims in that Class to the amount of all Allowed Claims in that Class.

**1.55. Rejection Claim.** A Claim arising from the Debtor's rejection of an executory contract or unexpired lease either during the chapter 11 case or under the Plan other than a Claim for unpaid rent or contract payments arising under a rejected executory contract or unexpired lease after the Petition Date and before the effective date of the rejection of that contract or lease.

**1.56. Rejection Damages Bar Date.** For any Rejection Claim, the later of (i) thirty (30) calendar days after the Rejection Date, or (ii) the Bar Date.

**1.57. Rejection Date.** For any Rejection Claim arising from the Debtor's rejection of an executory contract or unexpired lease during the chapter 11 case, the date set pursuant to the corresponding order of the Bankruptcy Court. For any Rejection Claim arising from the Debtor's rejection of an executory contract or unexpired lease under the Plan, the Effective Date of the Plan.

**1.58. Reorganized KIKO.**  KIKO USA, Inc., the Debtor herein, upon the Effective Date of this Plan.

**1.59. Schedules.** The schedules of assets and liabilities, the list of holders of interests, and the statements of financial affairs filed by the Debtor under Bankruptcy Code § 521 and Bankruptcy Rule 1007, as the schedules, list, and statements may have been or may be supplemented or amended from time to time.

**1.60. Secured Claim.** Any Claim (a) listed in the Schedules as a liquidated, noncontingent, and undisputed secured Claim that has not otherwise been satisfied or waived prior to the Confirmation Date, or (b) reflected in a proof of claim as a secured Claim, secured by a Lien on Collateral to the extent of the value of the Collateral, as determined in accordance with Bankruptcy Code § 506(a), or, if the Claim is subject to setoff under Bankruptcy Code § 553, net of the setoff.

**1.61. Solicitation Procedures Order**.  The *Order Approving Disclosure Statement Relating to Debtor's Chapter 11 Plan of Reorganization (II) Approving Procedures for the Solicitation and Tabulation of Votes on Plan; (III) Approving the Manner and Forms of Notice; (IV) Scheduling a Hearing on Plan Confirmation; and (V) Granting Related Relief* [D.I. ___].

**1.62. Voting Deadline**.  The deadline for submitting a ballot to accept or reject the Plan, which deadline shall be established by the Solicitation Procedures Order.

## ARTICLE 2.
## TREATMENT OF UNCLASSIFIED CLAIMS

**2.01. Unclassified Claims.** Under Bankruptcy Code § 1123(a)(1), Administrative Claims and Priority Tax Claims are not classified for purposes of voting on, or receiving distributions under, the Plan. Holders of Administrative Claims and Priority Tax Claims are not entitled to vote on the Plan but, rather, are treated separately in accordance with Sections 2.02 and 2.03 of the Plan and under Bankruptcy Code § 1129(a)(9)(A).

**2.02. Allowed Administrative Claims.**

    **a. Generally.** Each Allowed Administrative Claim (other than a Professional Fee Claim) is paid in full in Cash (or otherwise satisfied in accordance with its terms) on the latest of: (a) the Effective Date, or as soon after that date as feasible; (b) any date the Bankruptcy Court may fix, or as soon after that date as feasible; (c) 30 days after the Claim is Allowed; and (d) any date on which the holder of the Claim and the Debtor or Reorganized KIKO agree.

    **b. Requests for Payment.** All requests for payment of an Administrative Claim (other than a Professional Fee Claim) must be served on Reorganized KIKO and filed with the Bankruptcy Court no later than the Administrative Claims Bar Date. Any holder of an Administrative Claim (other than a Professional Fee Claim) that fails to file and serve its request by the Administrative Claims Bar Date is forever barred from asserting its Administrative Claim against the Debtor or Reorganized KIKO.

8

**2.03. Preserved Ordinary Course Administrative Claims.** Each Allowed Preserved Ordinary Course Administrative Claim will be paid in full in Cash at Reorganized KIKO's election either: (a) in accordance with the terms and conditions under which the Claim arose; or (b) in the ordinary course of Reorganized KIKO's business. Payments will made without further action by the holder of the Preserved Ordinary Course Administrative Claim.

**2.04. Allowed Priority Tax Claims.** Any Allowed Priority Tax Claim is paid in full in Cash on the latest of: (a) the Effective Date (or as soon after that date as feasible); and (b) 30 days after the Claim is Allowed. Reorganized KIKO may elect to pay any Allowed Priority Tax Claim through regular installment payments in Cash of a total value, as of the Effective Date, equal to the Allowed amount of the Claim, over a period ending not later than five years after the Petition Date, and in a manner not less favorable than the most favored General Unsecured Claim provided for by the Plan. If Reorganized KIKO so elects, the installment payments will be made in equal quarterly installments of principal plus interest, at a rate determined under applicable nonbankruptcy law, on the unpaid portion of the Allowed Priority Tax Claim accruing from the Effective Date. The first payment will be made on the latest of: (a) the Effective Date, or as soon after that date as feasible; (b) 30 days after the Claim is Allowed, or as soon after that date as feasible; and (c) another date on which the holder of the Claim and the Debtor or Reorganized KIKO agree. Reorganized KIKO retains the right to prepay any Allowed Priority Tax Claim, or any remaining balance of such a Claim, in full or in part, at any time on or after the Effective Date without premium or penalty.

**2.05. Professional Fee Claims.** Each Allowed Professional Fee Claim is paid in full in Cash on the latest of: (a) three days after the Professional Fee Claim is Allowed; and (b) another date on which the holder of the Professional Fee Claim and the Debtor or Reorganized KIKO agree. Each Person seeking an award by the Bankruptcy Court of Professional Fees must file with the Bankruptcy Court and serve on Reorganized KIKO its final application for allowance of compensation for services rendered and reimbursement of expenses incurred through the Effective Date by the Professional Fee Bar Date.

**2.06. Post-Effective Date Professional Fees.** All claims of Professionals for services rendered or expenses incurred after the Effective Date in connection with the Chapter 11 Case and the Plan including those relating to consummation of the Plan, any appeal of the Confirmation Order, the preparation, filing, and review of Professional Fee Claims, the prosecution of Litigation Claims, and the resolution of Disputed Claims, are paid by Reorganized KIKO on receipt of an invoice, or on other terms on which Reorganized KIKO and the Professional agree, without the need for further Bankruptcy Court authorization or entry of a Final Order. The Debtor retains the discretion to dispute and not pay any such Professional fees incurred after the Effective Date. The Bankruptcy Court retains jurisdiction to resolve any such disputes.

### ARTICLE 3.
### CLASSIFICATION AND TREATMENT OF CLAIMS AND EQUITY INTERESTS

**3.01. Class 1—Priority Claims.** Class 1 consists of all Priority Claims other than Priority Tax Claims.

137869284.5
24452856.4 04/04/2018

**a. Impairment and Voting.** Class 1 is unimpaired. All holders of Allowed Priority Claims are deemed to have accepted the Plan and do not vote on the Plan.

**b. Treatment.** Each holder of an Allowed Priority Claim other than a Priority Tax Claim receives Cash in an amount equal to its Allowed Priority Claim on the later of: (i) the Effective Date, or as soon after that date as feasible; and (ii) 30 days after the Priority Claim is Allowed; unless, before the later of those two dates, the holder of the Claim and Reorganized KIKO agree in writing to a different date.

**3.02. Class 2—Miscellaneous Secured Claims.** Class 2 consists of all Secured Claims.

**a. Impairment and Voting.** Class 2 is unimpaired. All holders of Allowed Secured Claims in Class 2 are deemed to have accepted the Plan and do not vote on the Plan.

**b. Treatment.** Each holder of an Allowed Secured Claim in Class 2 receives Cash in an amount equal to its Allowed Secured Claim from the proceeds of the collateral to which the claim pertains on the later of: (i) the Effective Date, or as soon after that date as feasible; and (ii) the closing date of the sale of the collateral to which the claim pertains; unless, before the later of those two dates, the holder of the Claim and Reorganized KIKO agree in writing to a different date. Each holder of an Allowed Secured Claim retains all Liens on applicable property of the Estate arising under applicable law until that holder's Allowed Secured Claim is paid in full under this Section of the Plan.

**3.03. Class 3—General Unsecured Claims.** Class 3 consists of all Allowed General Unsecured Claims, including Rejection Claims.

**a. Impairment and Voting.** Class 3 is impaired. All holders of Allowed Class 3 Claims are entitled to vote on the Plan.

**b. Treatment.** Each holder of an Allowed General Unsecured Claim will receive, in full and final satisfaction of its Allowed General Unsecured Claim, payments of Cash totaling the amount of its Allowed General Unsecured Claim, plus interest at the rate of 4% per annum on the outstanding amount of such Allowed Unsecured Claim from the Effective Date through payment, according to the following schedule: 34% on the later of the Effective Date or the allowance of such claim, 33% on or before September 30, 2018, and 33% on or before December 31, 2018.

**3.04. Class 4—Equity Interests.** Class 4 consists of all Equity Interests.

**a. Impairment and Voting.** Class 4 is unimpaired. All holders of Equity Interests are deemed to have accepted the Plan and do not vote on the Plan.

**b. Treatment.** All holders of Equity Interests in the Debtor shall retain their Equity Interests. Until all holders of Allowed Claims in Class 3 have received distributions totaling the amount of all Allowed Class 3 Claims, Reorganized KIKO may not cause or permit Reorganized KIKO to: (a) declare or pay any dividends, purchase, redeem, retire, defease or otherwise acquire for value of its Equity Interests now or hereafter outstanding; or (b) make any distribution of assets, Equity Interests, obligations or securities to its members. Nothing in this Section shall

10

restrict Reorganized KIKO from (1) paying salaries and benefits to officers or employees of Reorganized KIKO or reimbursing officers or employees of Reorganized KIKO for ordinary and reasonable business expenses incurred on behalf of Reorganized KIKO or (2) purchasing goods or services from the holder of Equity Interests in the ordinary course of its business.

**3.05. Vacant Classes.** Any Class of Claims that does not have a holder of an Allowed Claim or a Claim temporarily Allowed by the Bankruptcy Court in an amount greater than zero as of the date of the Confirmation Hearing shall be considered vacant and shall be presumed to have accepted the Plan

## ARTICLE 4.
## IMPLEMENTATION

**4.01. Effective Date Funding.** Cash payments on and after the Effective Date on account of Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Priority Claims, and Allowed General Unsecured Claims under the Plan, and any Cure required under Section 5.03 of the Plan, are made from the Debtor's Cash, to be supplemented by payment from the DIP Lender in accordance with the Exit Finance Commitment Agreement. The Debtor must reserve sufficient Cash on the Effective Date to pay all Administrative Claims, Priority Claims, and Cure amounts in the Maximum Amount. All Cash not so reserved will vest in Reorganized KIKO on the Effective Date. Any Cash remaining on reserve after all Administrative Claims, Priority Tax Claims, Priority Claims and Cure amounts have been either Disallowed or Allowed and paid in accordance with the Plan will vest in Reorganized KIKO. The DIP Lender shall, in accordance with, and to the extent required under, the Exit Finance Commitment Agreement, provide sufficient Cash to the Debtor for all payments required to be made by the Debtor or Reorganized KIKO pursuant to Allowed Administrative Claims, Allowed Priority Tax Claims, Allowed Priority Claims, and Allowed Unsecured Claims under this Plan.

**4.02. Forgiveness of DIP Loan.** As of the Effective Date of the Plan, the balance of the DIP Loan shall be deemed forgiven and all claims of the DIP Lender relating thereto are deemed waived.

**4.03. Distributions.** The Debtor or the Reorganized KIKO, as applicable, shall make all distributions in accordance with the terms of the Plan. The DIP Lender shall advance sufficient funds pursuant to the Exit Finance Commitment Agreement to enable Reorganized KIKO to timely make all distributions required under the Plan. For federal income tax purposes, except to the extent a distribution is made in connection with reinstatement of an obligation pursuant to section 1124 of the Bankruptcy Code, a distribution will be allocated first to the principal amount of a Claim and then, to the extent the distribution exceeds the principal amount of the Claim, to the portion of the Claim representing accrued but unpaid interest. Notwithstanding anything to the contrary in the Plan, no holder of an Allowed Claim shall, on account of such Allowed Claim, receive a distribution in excess of the Allowed amount of such Claim, plus any interest accruing on such Claim that is actually payable in accordance with the Plan.

**4.04. Disputed Claims.** Reorganized KIKO must manage Cash distributions to holders of Allowed General Unsecured Claims so as to reserve sufficient Cash to make appropriate distribution on account of any Disputed General Unsecured Claim as if that Disputed General

Unsecured Claim were an Allowed General Unsecured Claim on the Effective Date in the Maximum Amount. If and when any Disputed General Unsecured Claim becomes an Allowed General Unsecured Claim, Cash sufficient to make appropriate distribution to the holder that Claim must be made from such reserves. If a Disputed General Unsecured Claim becomes a Disallowed General Unsecured Claim, all reserved distributions attributable to the holder of that Disputed General Unsecured Claim become available for Pro Rata distribution to all holders of Allowed General Unsecured Claims.

**4.05. Approval of Compromises and Settlements Embodied in the Plan.** The terms of the Plan represent compromises and settlements of certain issues among the Debtor and parties in interest.  To the extent necessary, the Plan is deemed a motion for approval of compromises and settlements and the Confirmation Order shall contain findings supporting and conclusions approving the compromises and settlements as fair and equitable within the bounds of reasonableness.

**4.06. Scope of Reorganized Operations.** The primary purpose of Reorganized KIKO is to continue to conduct the Debtor's retail sales of cosmetics through brick and mortar and online sales.

**4.07. Section 1145 Exemption.** In accordance with Bankruptcy Code § 1145, the retention under the Plan of the Equity Interests is exempt from all federal, state, or local law requiring registration for offer or sale of a security or registration or licensing of an issuer of, underwriter of, or broker dealer in such securities and is deemed to be a public offer of such securities.

**4.08. Necessary Documents.** The Debtor or, as applicable, Reorganized KIKO, is authorized and empowered to sign any documents reasonably necessary to effectuate any provision of the Plan.

**4.09. Effectiveness of Instruments and Agreements.** On the Effective Date, all instruments, agreements, and documents issued, entered into, delivered, or filed under the Plan are effective, binding, and enforceable in accordance with their respective terms.

**4.10. No Corporate Action Required**. As of the Effective Date: (a) the adoption, execution, delivery, and implementation of all contracts, leases, instruments, releases, and other agreements related to or contemplated by the Plan; and (b) the other matters provided for under, or in furtherance of, the Plan involving corporate action required of the Debtor, are deemed to have occurred, are effective as provided in the Plan, and are deemed authorized and approved in all respects without further order of the Bankruptcy Court or any further action by the Debtor's officers, shareholders, members, or managers.

**4.11. Post-Confirmation Management and Indemnification**. The day-to-day operations of Reorganized KIKO will continue to be managed by the Debtor's officers, subject to oversight from its board of directors.  Reorganized KIKO will provide its officers with indemnification rights and will compensate its officers consistent with compensation provided during the Chapter 11 Case. Reorganized KIKO will assume any pre-Petition Date indemnification obligations to any officers employed with the Debtor as of the Petition Date.

137869284.5
24452856.4 04/04/2018

**4.12. Operation Pending Effective Date**. Until the Effective Date, the Debtor will continue to operate its business subject to all applicable requirements of the Bankruptcy Code and the Bankruptcy Rules.

## ARTICLE 5.
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**5.01. Assumption or Rejection of Executory Contracts and Unexpired Leases.** All executory contracts and unexpired leases between the Debtor and any Person are dealt with as follows:

**a. Assumption of Executory Contracts and Unexpired Leases.** Except as otherwise specifically provided herein, Reorganized KIKO shall be deemed to have rejected each executory contract and unexpired lease to which the Debtor or Reorganized KIKO is a party, unless such contract or lease (i) was previously assumed by the Debtor, (ii) had previously expired or terminated pursuant to its own terms, (iii) is the subject of a motion to assume and assign on or before the Confirmation Date, or (iv) is included in the Assumed Executory Contracts and Unexpired Leases Schedule. The Proposed Cure Amounts for all executory contracts or unexpired leases to be assumed under the Plan shall be as set forth in the Assumed Executory Contracts and Unexpired Leases Schedule. Any party objecting to the Proposed Cure Amounts must do so by Proposed Cure Amount Objection Deadline. Such objections must be filed with the Bankruptcy Court and served on counsel to the Debtor.

**b. Failure to Object to a Proposed Cure Claim Amount.** If a non-Debtor party to an assumed executory contract or unexpired lease does not file and serve an objection to the assumption or Proposed Cure Amount related to such contract or lease on or before the Proposed Cure Amount Objection Deadline in accordance with the procedures set forth herein, the assumed executory contract or unexpired lease shall be deemed to be assumed effective on the Effective Date, and the Proposed Cure Amount shall be deemed the Allowed amount of the Cure Claim related to such assumed executory contract or unexpired lease.

**c. Resolution of Objection to Proposed Cure Amount.** If an objection to a Proposed Cure Amount is filed and served by the Proposed Cure Amount Objection Deadline in accordance with the procedures set forth herein, the Allowed amount of the Cure Claim related to such assumed executory contract or unexpired lease shall be determined by agreement of the parties to such contract or lease (without any further notice to or action, order, or approval of the Bankruptcy Court) or by subsequent order of the Bankruptcy Court.

**d. Rejection of Executory Contracts and Unexpired Leases.** All executory contracts and unexpired leases are deemed rejected if: (i) such contracts or leases were rejected in accordance with a Final Order entered before the Confirmation Date; (ii) a motion to reject with respect to such contracts or leases has been filed with the Bankruptcy Court before the Confirmation Date; or (iii) such contracts or leases are otherwise not assumed pursuant to the Plan, as set forth above.

**e. Rejection Damages Bar Date.** Except as otherwise provided for in an order of the Bankruptcy Court, any Claim arising out of the rejection of an executory contract or unexpired lease pursuant to the Confirmation Order or prior order of the Bankruptcy Court must be filed

13

with the Bankruptcy Court and served on counsel for the Debtor or Reorganized KIKO on or before the Rejection Damages Bar Date.  Any such Claims not filed and served by the Rejection Damages Bar Date shall be discharged and forever barred.

**5.02. Approval of Assumption or Rejection.** Entry of the Confirmation Order constitutes: (a) the approval under Bankruptcy Code § 365 of the assumption and assignment of the executory contracts and unexpired leases assumed and assigned under the Plan; and (b) the approval under Bankruptcy Code § 365 of the rejection of the executory contracts and unexpired leases rejected under the Plan.

Notwithstanding anything contained in this Section 5.02 to the contrary, the Debtor may add or change the treatment (assumed or rejected) of any executory contract or unexpired lease listed on Exhibit B to the Plan, thus changing the treatment of the contract or lease under the Plan, at any time before the entry of the Confirmation Order.  The Debtor shall notify the non-Debtor party or parties to such executory contracts or unexpired leases by written notice as soon as practicable after such determination, and, to the extent an executory contract or lease becomes an assumed contract or lease, the non-Debtor party or parties to such lease shall file any objections to the Proposed Cure Amount for such contract or lease by the Proposed Cure Claim Objection Deadline.

**5.03. Cure of Defaults.** On the Effective Date or as soon after as is practicable, the Debtor must Cure any defaults under any executory contract or unexpired lease assumed and assigned under the Plan. The Debtor will not, and need not as a condition to assuming and assigning any executory contract or unexpired lease under the Plan, Cure any default that need not be cured under Bankruptcy Code § 365(b).

**5.04. Benefit Plans.** Any Benefit Plans not already terminated before the Petition Date are assumed as of the Confirmation Date (subject to the Effective Date occurring).

## ARTICLE 6.
## DETERMINATION OF CLAIMS

**6.01. Objections to Claims.** Notwithstanding the occurrence of the Effective Date, and except as to any Claim that has been Allowed before the Effective Date, Reorganized KIKO may object to the allowance or seek estimation of any Claim against the Debtor on any grounds permitted by the Bankruptcy Code. Nothing in this section affects any party-in-interest's right to object to the allowance of any Claims or to seek the subordination of any Claim on any grounds permitted by the Bankruptcy Code. All objections to Claims must be brought by filing the appropriate pleading in the Bankruptcy Court before the first Business Day that is 180 days after the Effective Date, but the Bankruptcy Court may approve a later date on Reorganized KIKO's motion filed (but not necessarily heard) before the first Business Day that is 180 days after the Effective Date.  All objections to Claims that are filed and prosecuted as provided herein shall be litigated to Final Order or compromised and settled in accordance with section 6.03 of the Plan.

**6.02. Contingent Claims.** Until a Contingent Claim becomes an Allowed Claim or is Disallowed, the Claim is treated as a Disputed Claim for all purposes under the Plan. The holder of a Contingent Claim is entitled to a distribution under the Plan only when the Contingent Claim

137869284.5
24452856.4 04/04/2018

becomes an Allowed Claim.  Any Contingent Claim for reimbursement or contribution held by a Person that may be liable with the Debtor on a Claim of a Creditor is Disallowed as of the Effective Date if: (a) that Creditor's Claim is Disallowed; (b) the Claim for reimbursement or contribution is contingent as of the Effective Date; or (c) that Person asserts a right of subrogation to the rights of the Creditor under Bankruptcy Code § 509.

**6.03. Claims Settlement.** Notwithstanding any requirements that may be imposed pursuant to Bankruptcy Rule 9019, from and after the Effective Date, the Reorganized KIKO shall have authority to settle or compromise all Claims or causes of action without further review or approval of the Bankruptcy Court.

## ARTICLE 7.
## AVOIDANCE ACTIONS, LITIGATION CLAIMS

**7.01. Waiver, Retention and Reservation.** All Avoidance Actions are hereby waived, effective on the Effective Date.  All Litigation Claims are retained and reserved for Reorganized KIKO, which is designated as the Estate's representative under Bankruptcy Code § 1123(b)(3)(B) for purposes of the Litigation Claims.

**7.02. Prosecution.** Reorganized KIKO has the sole authority to prosecute, defend, compromise, settle, and otherwise deal with any Litigation Claims, and does so in its capacity as a representative of the Estate in accordance with Bankruptcy Code § 1123(b)(3)(B). Reorganized KIKO pays the fees and costs associated with litigating the Litigation Claims. Reorganized KIKO has sole discretion to determine in its business judgment which Litigation Claims to pursue, which to settle, and the terms and conditions of those settlements.

## ARTICLE 8.
## CONDITIONS PRECEDENT

**8.01. Conditions to Confirmation.** The Plan may not be confirmed unless and until:

    **a. Approval of Disclosure Statement.** The Bankruptcy Court enters a Final Order approving the Disclosure Statement.

    **b. Form of Confirmation Order.** The Bankruptcy Court enters the Confirmation Order in form and substance reasonably acceptable to the Debtor and the DIP Lender.

    **c. Substance of Confirmation Order.** The Confirmation Order contains the following:

(i)  Approval of the Plan's assumption, assumption and assignment, or rejection of all executory contracts and unexpired leases;

(ii) The Debtor is released and discharged from all obligations arising under all executory contracts and unexpired leases assumed, assumed and assigned or rejected during the chapter 11 case or under the Plan;

137869284.5
24452856.4 04/04/2018

(iii) In accordance with Bankruptcy Code § 1123(b)(3)(B), Reorganized KIKO is appointed as the representative and agent of the Estate to prosecute, compromise, or abandon any Litigation Claims in accordance with the Plan; and

(iv) The Bankruptcy Court retains jurisdiction to the fullest extent permissible by applicable law and at least to the extent contemplated by Article 10 of the Plan.

**8.02. Conditions to Effectiveness.** The Effective Date does not occur unless and until:

      **a.** The Confirmation Date occurs;

      **b.** No request for revocation of the Confirmation Order under Bankruptcy Code § 1144 is pending;

      **c.** Sufficient Cash exists to make all payments required under the Plan to be made on the Effective Date; and

      **d.** All instruments and agreements to be issued, entered into, delivered, or filed under the Plan are issued, entered into, delivered, or filed and are effective.

**8.03. Waiver of Conditions.** The Debtor and the DIP Lender, if applicable, may waive any condition to confirmation or the Effective Date, in whole or in part, at any time without notice, an order of the Bankruptcy Court, or any further action other than proceeding to confirmation and consummation of the Plan.

**8.04. Effect of Non-Occurrence of the Effective Date.** If the Effective Date does not occur, the Plan shall be null and void and nothing contained in the Plan shall: (a) constitute a waiver or release of any Claims against the Debtor; (b) prejudice in any manner the rights of the Debtor, including any right to seek a further extension of the exclusivity periods under section 1121(d) of the Bankruptcy Code; (c) constitute a waiver of the DIP Claim; or (d) constitute an admission, acknowledgement, offer or undertaking by the Debtors or the DIP Lender.

## ARTICLE 9.
## TITLE TO PROPERTY; THIRD PARTY RIGHTS AND RELEASES; CORPORATE GOVERNANCE

**9.01. Vesting of Assets.** Except as provided in the Plan or the Confirmation Order, all property of the Estate vests in Reorganized KIKO on the Effective Date free and clear of all Liens and Claims existing before the Effective Date. From and after the Effective Date, Reorganized KIKO may use and dispose of its property free of any restrictions of the Bankruptcy Code, including the employment of, and payment to, Professionals except as otherwise provided in the Plan or the Confirmation Order.

**9.02. Discharge.** Except as provided in this Plan or the Confirmation Order, the rights granted under this Plan and the treatment of Claims and Equity Interests under this Plan are in exchange for and in complete satisfaction, discharge, and release of, all Claims including any interest accrued on General Unsecured Claims from the Petition Date. Except as provided in this Plan or the Confirmation Order, confirmation of this Plan discharges the Debtor and Reorganized KIKO

16

from all Claims or other debts that arose before the Confirmation Date, and all debts of the kind specified in Bankruptcy Code §§ 502(g), 502(h), or 502(i), whether or not: (a) a proof of claim based on such debt is filed or deemed filed under Bankruptcy Code § 501; (b) a Claim based on such debt is Allowed under Bankruptcy Code § 502; or (c) the holder of a Claim based on such debt has accepted this Plan.  Without limiting the foregoing, the discharge granted under this Plan is granted to the fullest extent allowed under Bankruptcy Code §§ 1141(a), 1141(b), 1141(c), and 1141(d)(1).

**9.03. Injunction.**

**a. Generally. Except as provided in the Plan or the Confirmation Order, as of the Confirmation Date, all entities that have held, currently hold, or may hold a Claim that is unclassified by the Plan or that is classified by Article 3 of the Plan or that is subject to a distribution under the Plan, or an Equity Interest or other right of an equity holder, are permanently enjoined from taking any of the following actions on account of any such Claims or Equity Interests or rights: (i) commencing or continuing in any manner any action or other proceeding against any property to be distributed under the Plan; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against any property to be distributed under the Plan; (iii) creating, perfecting, or enforcing any Lien or encumbrance against any property to be distributed under the Plan; and (iv) commencing or continuing any action, in any manner, in any place, that does not comply with or is inconsistent with the provisions of the Plan or the Bankruptcy Code.**

**b.** Limited Scope. Nothing in this Plan: (i) extinguishes, prohibits, or otherwise limits the right of any holder of a Claim to assert a right to setoff or recoupment arising in connection with that Claim as part of the resolution and treatment of that Claim under the Plan; (ii) extinguishes, prohibits, or otherwise limits the right of any Estate or Reorganized KIKO to assert and prevail on any Litigation Claim; (iii) enjoins or otherwise precludes any party-in-interest from enforcing the terms of the Plan and the Confirmation Order.

**9.04. Exculpation. Neither the Debtor, Reorganized KIKO, nor the DIP Lender, nor any of their respective members, officers, directors, trustees, employees, advisors, professionals, or agents has any liability to any holder of a Claim or Equity Interest for any act or omission in connection with, related to, or arising out of, the Chapter 11 Case, the pursuit of confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for willful misconduct or gross negligence. In all respects, the Debtor, Reorganized KIKO, and each of their respective members, officers, directors, trustees, employees, advisors, professionals, and agents are entitled to rely on the advice of counsel with respect to their duties and responsibilities under the Plan.**

**9.05. Releases**. Except as otherwise provided herein, as of the Effective Date, for good and valuable consideration, including providing financing to facilitate and implement the Plan, KIKO S.p.A., in any and all capacities, including as the DIP Lender, its affiliates, and the current and former officers, directors, principals, members, professionals, advisors, accountants, attorneys, investment bankers, consultants, employees, agents, and other representatives of KIKO S.p.A., in

17

each case solely in their capacity as such are deemed released and discharged by the Debtor and its Estate from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action and liabilities, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, arising in law, equity or otherwise that the Debtor or its Estate would have been legally entitled to assert in their own right or on behalf of the holder of any Claim or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtor, the Chapter 11 Case, the Plan or the Disclosure Statement, the negotiation, formulation or preparation of the debtor-in-possession financing, Plan, the Plan Supplement, or related agreements, instruments, or other documents in connection with the transactions contemplated under the Plan, the solicitation of votes with respect to the Plan, or any other act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date; *provided* that nothing in the Plan, including this Section [9.05] shall release (i) any obligations under the Plan or the Plan Supplement; or (ii) any acts constituting willful misconduct, gross negligence, intentional fraud or criminal conduct as determined by a Final Order.

**9.06. Preservation of Insurance.** The satisfaction of Claims as provided in the Plan, except as necessary to be consistent with the Plan, does not diminish or impair the enforceability of any insurance policy that may cover Claims against the Debtor or any other Person. Notwithstanding anything to the contrary contained in the Plan, all Insurance Policies shall remain in full force and effect unless otherwise validly terminated, and issuers of such Insurance Policies shall remain responsible for Claims, in accordance with the terms and provisions of such Insurance Policies. The Debtors do not consider Insurance Policies that have expired as of the Effective Date (whether or not entered into prior or subsequent to the Petition Date) to be executory contracts subject to assumption or rejection. However, the issuers of Insurance Policies shall be responsible for continuing coverage obligations thereunder, regardless of the payment status of any retrospective or other insurance premiums. Nothing in the Plan shall constitute or be deemed to be a waiver of any cause of action that any Debtor may hold against Persons, including, without limitation, any issuer under any Insurance Policy of any of the Debtors.

**9.07. Corporate Governance.** Reorganized KIKO will continue to be governed by its Board of Directors, consisting of Stefano Percassi, Frank Furlan, and Davide Cravero. The officers will continue to be Frank Furlan as Chief Executive Officer, Davide Cravero as Chief Financial Officer, and Pietro Minaudo as Secretary. Mr. Furlan and Mr. Cravero will continue to be compensated at the same rate as provided in their pre-bankruptcy employment agreements. Mr. Minaudo is the general counsel for the Percassi group in Italy and will not receive separate compensation from the Debtor.

## ARTICLE 10.
## RETENTION OF JURISDICTION

**10.01. Bankruptcy Court Jurisdiction.** Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court retain as much jurisdiction over the Chapter 11 Case after the Effective Date as legally permissible, including jurisdiction to:

137869284.5
24452856.4 04/04/2018

**a.** Allow, disallow, determine, liquidate, classify, estimate, or establish the amount, priority, or secured or unsecured status of any Claim, and resolve any request for payment of any Administrative Claim and any objection to the Allowance or priority of any Claim;

**b.** Grant or deny any applications for allowance of compensation or reimbursement of expenses authorized under the Bankruptcy Code or the Plan;

**c.** Resolve any matters related to the assumption or rejection of any executory contract or unexpired lease to which the Debtor is a party and to hear, determine and, if necessary, liquidate any Claims arising from such rejection;

**d.** Ensure that distributions required under the Plan are accomplished in accordance with the Plan;

**e.** Decide or resolve any motions, adversary proceedings, contested matters, and any other matters and grant or deny any applications or motions involving the Debtor that may be pending on the Effective Date;

**f.** Enter any necessary or appropriate orders to implement or consummate the Plan's provisions and all contracts, instruments, releases, and other agreements or documents created in connection with the Plan or the Disclosure Statement;

**g.** Resolve any cases, controversies, suits, or disputes that may arise in connection with the consummation, interpretation, or enforcement of the Plan, or any Person's obligations incurred in connection with the Plan;

**h.** Hear and determine any motion or application to modify the Plan before or after the Effective Date under Bankruptcy Code § 1127 or modify the Disclosure Statement or any contract, instrument, release, or other agreement or document issued, entered into, filed, or delivered in connection with the Plan or the Disclosure Statement; or hear or determine any motion or application to remedy any defect or omission or reconcile any inconsistency in any Bankruptcy Court order, the Plan, the Disclosure Statement, or any contract, instrument, release, or other agreement or document issued, entered into, filed or delivered in connection with the Plan or the Disclosure Statement, in such manner as may be necessary or appropriate to consummate the Plan, to the extent authorized by the Bankruptcy Code;

**i.** Issue injunctions, enter and implement other orders, or take any other necessary or appropriate actions to restrain any entity's interference with consummation or enforcement of the Plan;

**j.** Enter and implement any necessary or appropriate orders if the Confirmation Order is for any reason modified, stayed, reversed, revoked, or vacated;

**k.** Determine any other matters that may arise in connection with or related to the Plan, the Disclosure Statement, the Confirmation Order, or any contract, instrument, release, or other agreement or document issued, entered into, filed, or delivered in connection with the Plan, the Disclosure Statement or the Confirmation Order;

**l.** Issue a final decree and enter an order closing the chapter 11 case; and

**m.** Adjudicate the Disputed Claims and the Litigation Claims and any other cause of action or claims of the Estate that is not waived in this Plan.

**10.02. District Court Jurisdiction.** Notwithstanding anything in this Plan or the Confirmation Order to the contrary, this Plan and the Confirmation Order do not alter or affect district court jurisdiction to try personal injury tort and wrongful death claims under 28 U.S.C. § 157(b)(5).

## ARTICLE 11.
## AMENDMENT AND WITHDRAWAL OF PLAN

**11.01. Amendment of Plan.** At any time before the Confirmation Date, the Debtor may amend the Plan under Bankruptcy Code § 1127(a), with the consent of the DIP Lender, as long as doing so does not materially and adversely affect the treatment and rights of the holders of Claims and Equity Interests under the Plan. After the Confirmation Date but before substantial consummation of the Plan as defined in Bankruptcy Code § 1101(2), the Debtor or Reorganized KIKO may, under Bankruptcy Code § 1127(b), institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in the Plan, the Disclosure Statement, or the Confirmation Order, and any matters necessary to carry out the purposes and effects of the Plan as long as such proceedings do not materially and adversely affect the treatment of holders of Claims or Equity Interests under the Plan. The Debtor or Reorganized KIKO must serve prior notice of such proceedings in accordance with the Bankruptcy Rules or applicable order of the Bankruptcy Court.

**11.02. Revocation, Modification or Withdrawal of Plan.** The Debtor may revoke, modify, or withdraw the Plan, with the consent of the DIP Lender, at any time before the Confirmation Date. If withdrawn or revoked, the Plan is void and nothing contained in the Plan may be deemed a waiver of any Claims by or against the Debtor or any other Person in any further proceedings involving the Debtor or an admission of any sort, and the Plan and any transaction contemplated by the Plan may not be admitted into evidence in any proceeding. The Debtor may modify the Plan at any time after confirmation and before substantial consummation, *provided* that the Plan, as modified, meets the requirements of sections 1122 and 1123 of the Bankruptcy Code and the Bankruptcy Court, after notice and a hearing, confirms the Plan as modified, under section 1129 of the Bankruptcy Code, and the circumstances warrant such modifications. A holder of a Claim that has accepted the Plan shall be deemed to have accepted such Plan as modified if the proposed alteration, amendment or modification does not materially and adversely change the treatment of the Claim of such holder.

## ARTICLE 12.
## MISCELLANEOUS

**12.01. Effecting Documents; Further Transactions; Timing.** The Debtor and Reorganized KIKO are authorized and directed as of the Effective Date, without further order of the Bankruptcy Court, to execute, deliver, file, or record all contracts, instruments, releases, and other agreements or documents, and to take all actions necessary or appropriate to effect and

further evidence the terms of the Plan. All transactions required to occur on the Effective Date under the terms of the Plan are deemed to have occurred simultaneously.

**12.02. Exemption from Transfer Taxes.** Under Bankruptcy Code § 1146(a): (a) the issuance, distribution, transfer, and exchange of assets or property of the Estate; (b) the execution, assignment, modification, or recording of any lease or sublease; and (c) the execution, delivery, or recording of a deed or other instrument of transfer under, in furtherance of, or in connection with, the Plan, the Confirmation Order, or any transaction contemplated above, or any transactions arising out of, contemplated by, or in any way related to, the foregoing are not subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, or real estate transfer tax, or other similar tax or governmental assessment and the appropriate state or local government officials or agents are directed to forego the collection of any such tax or assessment and to accept for filing or recordation any of the foregoing instruments or other documents without the payment of any such tax or assessment.

**12.03. Binding Effect.** The Plan is binding on, and inures to the benefit of, the Debtor and the holders of all Claims and Equity Interests and their respective successors and assigns.

**12.04. Governing Law.** Except to the extent that the Bankruptcy Code or other federal law is applicable or as provided in any document entered into in connection with the Plan, the rights, duties and obligations of any Person arising under the Plan are governed by, and construed and enforced in accordance with, the internal laws of the State of New York, without giving effect to New York's choice of law provisions.

**12.05. Modification of Treatment of Claims.** Reorganized KIKO reserves the right to modify the treatment of any Allowed Claim in any manner adverse only to the holder of that Claim at any time after the Effective Date on that holder's prior written consent.

**12.06. Setoffs and Recoupment.** The Debtor and Reorganized KIKO may, but are not required to, set off or recoup against any Claim and the payments or other distributions to be made under the Plan in respect of such Claim, Claims of any nature that arose before the Petition Date that the Estate may have against the holder of such Claim to the extent such Claims may be set off or recouped under applicable law, but neither the failure to do so nor the fact of any Claim under the Plan becoming Allowed constitutes a waiver or release by an Estate of any such claim that it may have against such holder.

**12.07. Notices.** Any notice required or permitted to be provided under the Plan must be in writing and served by certified return-receipt-requested U.S. mail, hand delivery, overnight courier, or read-receipt-enabled email to:

137869284.5
24452856.4 04/04/2018

|                          |                                        |
|--------------------------|----------------------------------------|
| To the Debtor or         | KIKO USA., Inc.                        |
| Reorganized KIKO:        | c/o Perkins Coie LLP                   |
|                          | 1201 Third Ave., Suite 4900            |
|                          | Seattle, WA 98101                      |
|                          | Attn:    John Kaplan, Esq.             |
|                          | E-mail:  JKaplan@perkinscoie.com       |
|                          |                                        |
|                          | -and-                                  |
|                          |                                        |
|                          | Saul Ewing Arnstein & Lehr LLP         |
|                          | 1201 N. Market Street, Suite 2300      |
|                          | Wilmington, DE 19801                   |
|                          | Attn:    Mark Minuti, Esq.             |
|                          | E-mail:  Mark.minuti@saul.com          |

**12.08. Delivery of Notices.** If personally delivered or sent by overnight courier in accordance with the Plan, notice is deemed delivered on actual receipt; if emailed in accordance with the Plan, notice is deemed delivered noon of the first Business Day following transmission; and if sent by U.S. mail in accordance with the Plan, notice is deemed delivered as of the date of delivery indicated on the receipt issued by the relevant postal service; or, if the addressee fails or refuses to accept delivery, as of the date of that failure or refusal. Any party to the Plan may change its address for the purposes of the Plan by giving notice of the change.

**12.09. Severability.** If the Bankruptcy Court or any appellate court finds the Plan or any provision of the Plan to be invalid, illegal or unenforceable, or if the Bankruptcy Court cannot confirm the Plan under Bankruptcy Code § 1129, the Bankruptcy Court, at the Debtor's or Reorganized KIKO's request, may retain the power to alter and interpret the Plan or any such provision to make it valid or enforceable to the maximum extent feasible, consistent with the original purpose of the provision held to be invalid or unenforceable, and such provision will then become applicable as altered or interpreted.  The Confirmation Order constitutes a judicial determination and provides that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable.

**12.10. Plan Documents.** Notwithstanding anything to the contrary contained in the Plan, including any reference in the Plan to documents in the forms annexed to the Plan as exhibits, the Debtor may revise any such document by filing the revised document with the Bankruptcy Court at least five days before the deadline for voting on the Plan, or with the written consent of all parties in interest that are entitled to vote on the Plan and are materially and adversely affected by the revision.

**12.11. Inconsistency.** If any inconsistency between the Plan and the Disclosure Statement exists, the Plan governs. If any inconsistency between the Plan and any document promulgated under the Plan exists, the document governs.

**12.12. Withholding and Reporting Requirements.** In connection with the Plan and all instruments issued in connection with the Plan, the Debtor or Reorganized KIKO, as applicable,

must comply with all withholding and reporting requirements imposed by any federal, state, local, or foreign taxing authority, and all distributions under the Plan remain subject to any such withholding and reporting requirements. The Debtor and Reorganized KIKO, as applicable, may take all actions necessary to comply with such withholding and reporting requirements. Notwithstanding any other provision of the Plan, each holder of an Allowed Claim that has received a distribution under the Plan has sole and exclusive responsibility for the satisfaction or payment of any tax obligation imposed by any governmental unit, including income, withholding, and other tax obligation on account of such distribution.

**12.13. Post-Effective Date Fees; Final Decree.** Notwithstanding anything to the contrary contain herein, all fees payable through the Effective Date pursuant to 28 U.S.C. § 1930 shall be paid on the Effective Date, or as soon as practicable thereafter. Reorganized KIKO is responsible for paying any post-Effective Date fees under 28 U.S.C. § 1930(a)(6) and filing post-confirmation reports until the Bankruptcy Court enters a final decree, which Reorganized KIKO must seek as soon as feasible after distributions under the Plan have commenced. Notice of application for a final decree need be given only to those holders of Claims and Equity Interests and other parties that, after the Effective Date, specifically request such notice.

**12.14. De Minimis Distributions.** No distributions of less than $25 will be made on account of any Claim. If the holder of an Allowed Claim does not receive a distribution owing to this provision on the Effective Date or any subsequent date, the Allowed Claim remains eligible for distributions on the first date set for distributions when such distribution exceeds $25.

**12.15. Method of Payment; Payments, Filings, and Notices Only on Business Days.** Payments of Cash under the Plan must be made by check drawn on a domestic bank or by wire transfer from a domestic bank. Whenever any payment, distribution, filing, delivery, or notice to be made under the Plan is due on a day other than a Business Day, such payment, distribution, filing, delivery, or notice may instead be made, without interest or penalty, on the immediately following Business Day.

**12.16. Delivery of Distributions; Undeliverable Distributions.** Distributions to a holder of an Allowed Claim will be made: (a) to the address set forth on the holder's proof of claim, the Schedules, or, if no proof of claim is filed and the holder does not appear on the Schedules, the holder's last known address; or (b) to the address set forth in any written notice of address change delivered to the Debtor or Reorganized KIKO. If any holder's distribution is returned as undeliverable, no further distributions to that holder will be made unless and until Reorganized KIKO is notified of the holder's then-current address. Claims held by a holder whose distributions are returned as undeliverable and who fails to notify Reorganized KIKO of its correct address within 90 days after the distributions are returned to Reorganized KIKO as undeliverable will be expunged, after which all unclaimed property will revert to Reorganized KIKO free of any restrictions. Nothing contained in the Plan requires the Debtor or Reorganized KIKO to attempt to locate any holder of an Allowed Claim.

**12.17. Failure to Negotiate Checks.** Checks issued in respect of distributions under the Plan are void if not negotiated within 180 days after issuance. Any amounts returned to Reorganized KIKO in respect of a non-negotiated check will be held by Reorganized KIKO. Requests for reissuance of any such check must be made directly to Reorganized KIKO by the holder of the

Allowed Claim with respect to which such check originally was issued.  All amounts represented by any voided check will be held until the later of 180 days after the Effective Date and 180 days after the voided check was issued, and all requests for reissuance by the holder of the Allowed Claim in respect of the voided check must be made before that date.  Thereafter, all such amounts revest in Reorganized KIKO free of any restriction. Claims in respect of void checks and the underlying distributions are forever barred against the Debtor, Reorganized KIKO, their agents, or their respective property, notwithstanding any federal or state escheat laws to the contrary.

Dated:  April 4, 2018

**KIKO USA, INC.**

By: *_/s/ Frank Furlan_____*
        Frank Furlan
        Chief Executive Officer

137869284.5
24452856.4 04/04/2018

**Exhibit A**

**Avoidance Actions**

All statutory causes of action preserved for the Estate under Bankruptcy Code §§ 510, 542, 543, 544, 545, 547, 548, 549, 550, and 553 that the Estate may have against any Person, including any Person identified below.

**Litigation Claims**

All rights, claims, torts, liens, actions, causes of action, avoiding powers, proceedings, debts, contracts, judgments, offsets, damages, and demands in law or in equity, whether known or unknown, contingent or otherwise, that the Estate has brought or may have against any Person, including any Person identified below.

**Exhibit B**
**Assumed Executory Contracts and Unexpired Leases Schedule**

[To be provided in Plan Supplement]

**Exhibit C**

**Exit Finance Commitment Agreement**

[To be provided in Plan Supplement]