# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| KIKO USA, Inc.,[1] | ) ) ) | Case No. 18-10069 (MFW) |
| Debtor. | ) ) ) ) ) ) | **Hearing Date (Requested): May 22, 2018 at 10:30 a.m. (ET)**<br><br>**Objection Deadline (Requested): May 18, 2018 at 12:00 p.m. (ET)** |

## DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING, BUT NOT DIRECTING, THE DEBTOR TO PAY SEVERANCE OBLIGATIONS ABOVE THE STATUTORY LIMIT SET FORTH IN 11 U.S.C. § 507(a)(4); AND (II) GRANTING RELATED RELIEF

By this motion (the "**Motion**"), KIKO USA, Inc. ("**KIKO**" or the "**Debtor**"), as debtor and debtor in possession, seeks entry of an order (the "**Proposed Order**"), substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105(a), 363(b), 507(a)(4), 1107(a), and 1108 of title 11 of the United States Code (the "**Bankruptcy Code**"), and rule 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing, but not directing, the Debtor, in accordance with its past and current employment policies and practices, to honor certain severance program obligations in the ordinary course of business that are in excess of the statutory limit set forth in section 507(a)(4) of the Bankruptcy Code. In further support of the Motion, the Debtor respectfully represents as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

---

[1] The last four digits of the Debtor's federal tax identification number are 0805. The principal place of business for the Debtor is 470 Park Avenue South, 15th Floor New York, NY, 10016.

*Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtor confirms its consent pursuant to Local Rule 9013-l(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a), 363(b), 507(a)(4), 1107(a), and 1108 of the Bankruptcy Code, and Bankruptcy Rule 6004.

## BACKGROUND

4. On January 11, 2018 (the "**Petition Date**"), the Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**").  The Debtor continues to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. The Debtor is a retailer of cosmetics and a wholly-owned subsidiary of KIKO S.p.A., an Italian corporation.  Through the Debtor, KIKO-branded products are advertised, marketed, and sold in retail stores in the United States as affordable European-designed and produced products for every consumer, without a particular targeted consumer.  The Debtor's products are also available in the United States via online sales via the Debtor's website http://www.kikocosmetics.com/en-us and, more recently, on Amazon.com utilizing the Fulfillment by Amazon program (Amazon Prime).  The products are sourced and purchased by the Debtor through KIKO S.p.A., and warehoused locally and supplied into the U.S.A. operations (Stores and Ecommerce) through a third party external logistics provider (Wit Logistics) based in Monroe Township, New Jersey.

6. The Debtor's workforce is comprised of full-time employees (the "**Full-Time Employees**"), part-time employees (the "**Part-Time Employees**") and certain seasonal employees based on the Debtor's needs (the "**Seasonal Employees**" and, collectively with the Full-Time Employees and Part-Time Employees, the "**Employees**"). At the time of the filing of this Chapter 11 Case, the Debtor had approximately 244 Employees, consisting of (a) 95 Full-Time Employees; (b) 105 Part-Time Employees; and (c) 44 Seasonal Employees.

7. After certain right-sizing measures and the closing of many of the Debtor's physical retail locations, the Debtor's total workforce as of the date hereof has been reduced to approximately 50 Employees.

## EMPLOYEE WAGE AND BENEFIT MOTION

8. On January 11, 2018, the Debtor filed that certain *Motion for Entry of Interim and Final Orders (I) Authorizing, But Not Directing, Debtor To (A) Pay And Honor Prepetition Wages, Salaries, Other Compensation, Reimbursable Business Expenses, And Employee Benefit Obligations, And (B) Maintain And Continue Certain Compensation And Benefit Programs Postpetition, And (II) Granting Related Relief* (the "**Employee Wage and Benefits Motion**").

9. This Court entered an Interim Order granting the relief requested in the Employee Wage and Benefits Motion on January 16, 2018 [Doc. No. 46] and entered a Final Order (the "**Final Employee Wage and Benefit Order**") granting the relief requested in the Employee Wage and Benefit Motion on February 7, 2018 [Doc. No. 121].

10. The Final Employee Wage and Benefit Order authorized the Debtor, *inter alia*, to maintain certain severance policies and programs for its Employees in the ordinary course of business (collectively, the "**Severance Program**"). The Severance Program provides that terminated Employees are entitled to a certain amount of severance pay including, but not limited to, two (2) weeks of Wages for every year of service with the Debtor (the "**Severance Pay**") and a

3

continuation of medical benefits (COBRA) for two (2) months following their last date of service with the Debtor.

11. The Final Employee Wage and Benefit Order authorized the Debtor to make payments in connection with claims for prepetition wages, salaries, severance, and employee benefit contributions in an amount up to the priority statutory cap of $12,850 for each eligible employee.

12. There are two Employees who are expected to be terminated by the Debtor prior to the expected Effective Date (as that term is defined in the Plan) of the Chapter 11 Plan of Reorganization (the "**Plan**") filed by the Debtor on April 4, 2018 [Doc. No. 196]. Pursuant to the terms of the Severance Program, these employees are eligible to receive Severance Pay in excess of the statutory cap of $12,850 (the "**Excess Severance Obligations**"). The Excess Severance Obligations will not exceed $60,000.

13. To avoid any additional and unnecessary personal financial hardship to these employees, the Debtor seeks authority, but not direction, to pay the Excess Severance Obligations to the eligible employees on the effective date of their termination.

## BASIS FOR RELIEF REQUESTED

14. Sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code require that certain claims for prepetition wages, salaries, severance, and employee benefit contributions be afforded priority in payment in an amount up to $12,850 for each employee. Pursuant to the Final Employee Wage and Benefit Order, the Debtor already has authority to pay the Excess Severance Obligations (after accounting for any other payments previously made to that employee under the Final Wage and Benefit Order) up to the statutory cap of $12,850.

4

15. The Plan provides for the payment *in full* of all allowed claims properly made against the Debtor's estate. Payment of the Excess Severance Obligations will not hinder the Debtor's ability to make the payments required under the Plan.

16. For the foregoing reasons, the Debtor submits that the relief sought in this Motion is based upon a sound exercise of its business judgment and is appropriate under the circumstances.

**REQUEST FOR IMMEDIATE RELIEF**

17. The Debtor submits that waiver of the stay imposed by Rule 6004(h) is necessary to preserve the value of its estate. Accordingly, the Debtor respectfully requests that the Court waive the 14-day stay imposed by Rule 6004(h) as the nature of the relief sought herein warrants immediate relief.

**NOTICE**

18. Notice of this Motion will be given to the following parties, or in lieu thereof, to their counsel: (a) the Office of the United States Trustee; (b) the holders of the twenty (20) largest unsecured claims against the Debtor (excluding insiders); (c) the Office of the United States Attorney General for the District of Delaware; (d) the Internal Revenue Service; (e) the U.S. Department of Justice; (f) counsel to KIKO S.p.A.; and (g) parties that have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

19. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

## **CONCLUSION**

WHEREFORE, the Debtor respectfully requests entry of an Order, substantially in the form of the Proposed Order, granting the relief requested herein and such other and further relief as is just.

*(Remainder of Page Left Intentionally Blank -- Signature Page to Follow)*

| | |
|---|---|
| Dated: May 7, 2018<br>Wilmington, Delaware | */s/ Monique B. DiSabatino*<br>Mark Minuti (DE Bar No. 2659)<br>Monique B. DiSabatino (DE Bar No. 6027)<br>SAUL EWING ARNSTEIN & LEHR LLP<br>1201 N. Market Street, Suite 2300<br>P.O. Box 1266<br>Wilmington, Delaware 19899<br>Telephone: (302) 421-6840<br>Facsimile: (302) 421-5873<br>mark.minuti@saul.com<br>monique.disabatino@saul.com<br><br>-and-<br><br>Sharon L. Levine<br>SAUL EWING ARNSTEIN & LEHR LLP<br>1037 Raymond Boulevard, Suite 1520<br>Newark, New Jersey 07102<br>Telephone: (973) 286-6718<br>Facsimile: (973) 286-6821<br>sharon.levine@saul.com<br><br>-and-<br><br>John S. Kaplan<br>PERKINS COIE LLP<br>1201 Third Avenue, Suite 4900<br>Seattle, Washington 98101-3099<br>Telephone: (2016) 359-8408<br>Facsimile: (206) 359-9408<br>jkaplan@perkinscoie.com<br><br>-and-<br><br>Jeffrey D. Vanacore<br>PERKINS COIE LLP<br>30 Rockefeller Plaza, 22nd Floor<br>New York, New York 10112-0085<br>Telephone: (212) 262-6912<br>Facsimile: (212) 977-1642<br>jvanacore@perkinscoie.com<br><br>*Counsel for Debtor and Debtor-in-Possession* |